```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -:
                                          :
FRANKIE COLON,                            :
                                          :   07 Civ. 7169 (BSJ)(JCF)
                  Petitioner,             :
                                          :        REPORT AND
     -against-                            :        RECOMMENDATION
                                          :
SUSAN A. CONNELL, Superintendent,         :
                                          :
                  Respondent.             :
- - - - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:

Frankie Colon brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction following a jury trial in New York State Supreme Court, New York County, for robbery. Mr. Colon argues that (1) he was convicted on the basis of evidence that was obtained pursuant to an illegal search and (2) he was subjected to an unduly suggestive show-up identification procedure that violated his right to due process. For the reasons that follow, I recommend that the petition be denied.

Factual Background

    A. The Robbery

At approximately 11:30 p.m. on June 21, 2004, Frederico Frausto, a delivery man at a nearby restaurant, went to 601 West 184 Street, in Manhattan, to deliver food to apartment 5A. (Tr. at 24-26).[1] Upon entering the building, he observed a man near the

---

[1] "Tr." refers to the transcript of the petitioner's trial.

entrance. (Tr. at 35-36). Mr. Frausto completed the delivery to apartment 5A and received $20 in payment for an order costing $5.50. (Tr. at 25-26, 40). He walked down the stairs with the $20 bill in his hand. (Tr. at 26, 41). As he exited the building, Mr. Frausto saw the man he had seen earlier at the entrance approaching with a woman, and proceeded to hold the door for them. (Tr. at 42-43). The man then surprised Mr. Frausto by grabbing him from behind around his neck, pulling him back into the building, and throwing him down to the ground by a nearby stairway. (Tr. at 26-28, 43, 60). The perpetrator held his hand around Mr. Frausto's neck and stuck his knee against Mr. Frausto's rib cage. (Tr. at 28). After punching Mr. Frausto and finding no money in his pockets, the assailant grabbed the money from Mr. Frausto's hand and began to walk up the stairs. Mr. Frausto asked the robber to return the $5.50 for the food delivery and keep the rest. (Tr. at 28-30). Upon hearing this, the perpetrator pulled up his shirt near his waistband, a gesture Mr. Frausto interpreted to mean that he had a weapon. (Tr. at 29-30, 37).

    B. The Apartment Search

After the assault, Mr. Frausto did not call the police, but instead went to the restaurant to tell his manager. He returned to the apartment building with his manager to talk to the woman to whom he had delivered the food. (Tr. at 31-33). Upon his return, Mr. Frausto saw Detective Gustavo Blain on the scene along with several

officers who had responded to an anonymous 911 call reporting the incident. (Tr. at 33-34, 52-54). According to Detective Blain, Mr. Frausto told him that the robber wore a red t-shirt and black pants. (Tr. at 91). Upon receiving a radio report that the perpetrator was in apartment 2C (H. at 16-17),[2] Detective Blain went to the second floor with the other officers and Mr. Frausto. (Tr. at 34, 46).

While Mr. Frausto waited in the hallway, Detective Blain knocked on the door of apartment 2C and was greeted by Violeta Ruiz, who gave the detective permission to enter. (Tr. at 69-70, 87-88). Inside, Detective Blain saw movement in an interior room and went to investigate. There, he found Mr. Colon lying on a bed in a white t-shirt and navy blue sweat pants. (Tr. 71, 88-89, 92). From the bedroom doorway, Detective Blain saw a red t-shirt on the floor in a pile of clothes. (Tr. at 96, 105-06). In response to Detective Blain's questioning, Mr. Colon stated that he had been in the apartment since 4:00 or 5:00 p.m that day. (Tr. at 89). After his conversation with the petitioner, Detective Blain stepped outside and spoke to Ms. Ruiz. Ms. Ruiz stated that she was the mother of the defendant's girlfriend, and that she had not seen Mr. Colon in the apartment that night until Detective Blain arrived. (Tr. at 66-67, 71). Upon hearing that the petitioner had apparently not been in the apartment all night as he had previously stated, Detective

---

[2] "H." refers to the pre-trial suppression hearing.

Blain escorted him from Ms. Ruiz's apartment into the hallway for a show-up identification. (Tr. at 49, 71, 89-90). After Mr. Frausto positively identified the petitioner, Detective Blain went back into the bedroom and removed the red t-shirt that he had seen on the floor. He then showed it to Mr. Frausto, who confirmed that it was the t-shirt worn by the assailant. (Tr. at 95-96).

Procedural History

Mr. Colon was arrested and charged with one count of robbery in the third degree in violation of New York Penal Law § 160.05. On December 1, 2004, Supreme Court Justice Ronald Zweibel conducted a combined Payton, Huntley, Wade, and Mapp hearing (the "suppression hearing").[3] In that proceeding, the court considered Mr. Colon's motions to suppress the statements he made to Detective Blain in Ms. Ruiz's apartment, Mr. Frausto's positive identification of him during the show-up procedure, and the red t-shirt recovered from Ms. Ruiz's apartment. (Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("Resp. Memo.") at 2). At the conclusion of the hearing, the court denied all of the petitioner's motions. (H. at 62-67).

---

[3] See Mapp v. Ohio, 367 U.S. 643 (1961) (hearing determines whether evidence implicating defendant was obtained as result of illegal search and seizure); Payton v. New York, 445 U.S. 573 (1980) (hearing determines whether police had consent to enter property without warrant); United States v. Wade, 388 U.S. 218 (1967) (hearing on admissibility of pre-trial identification); People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965) (hearing on admissibility of extrajudicial statements by defendant).

The trial commenced on December 6, 2004. When it concluded, the jury found the petitioner guilty of robbery in the third degree. He was subsequently sentenced, as a second felony offender, to an indeterminate prison term of three and one-half to seven years. (Resp. Memo. at 1).

Mr. Colon appealed to the Appellate Division, First Department, asserting that his conviction was against the weight of the evidence. He argued that since Mr. Frausto and Ms. Ruiz contradicted themselves in their testimony they were not reliable witnesses. (Brief for Defendant-Appellant ("Pet. App. Br."), attached as Exh. A to Declaration of Priscilla Steward dated Feb. 21, 2008 ("Steward Decl."), at 12). On June 15, 2006, the Appellate Division affirmed the conviction, People v. Colon, 30 A.D.3d 257, 816 N.Y.S.2d 354 (1st Dep't 2006), and the Court of Appeals subsequently denied the petitioner's request for leave to appeal. People v. Colon, 7 N.Y.3d 866, 824 N.Y.S.2d 611 (2006). Mr. Colon filed his petition in the Pro Se Office of this Court on July 9, 2007.

Discussion

A. Claims Relating to the Search

Mr. Colon claims that his Fourth Amendment right to be free from unreasonable search and seizure was violated because (1) there was no probable cause to search apartment 2C and (2) Ms. Ruiz did not have authority to consent to a search of her daughter's bedroom. The petitioner argues that as a result of these violations, his arrest

and all evidence connected with it should have been excluded. (Habeas Corpus Petition ("Pet."), ¶ 13 and attached statement at 4). These claims however, are unexhausted and procedurally barred. Under federal law, a petitioner must exhaust all available state court remedies for each claim prior to seeking federal habeas review. 28 U.S.C. § 2254(b)(c). Exhaustion requires that the factual and legal basis for each claim be fairly presented to the highest available state court. Daye v. Attorney General of the State of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) (citations omitted). For a claim to be fairly presented, it must be articulated in federal constitutional terms sufficient to alert the state court to the federal nature of the claim. Id. at 191; see also Davis v. Strack, 270 F.3d 111, 122 (2d Cir. 2001); Reid v. Senkowski, 961 F.2d 374, 376 (2d Cir. 1992). Here, the petitioner did not raise in his appellate brief the claims that he now brings in his habeas petition. Since the Appellate Division and the Court of Appeals never had an opportunity to review these claims, they are unexhausted.

However, a claim may be deemed exhausted by a federal court for purposes of habeas review if it is clear that the state court would find the claim defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170 (2d Cir. 2000); Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994). The same procedural default bars the court from reaching the merits of the claim. Bossett, 41 F.3d at 829. New

York law provides for only a single application for direct review. See Spence, 219 F.3d at 170.[4]  Pursuant to New York Criminal Procedure Law ("CPL") § 440.10(2)(c), a defendant who fails to press an available claim on direct appeal is precluded from raising it on collateral review.  Since the petitioner here failed to raise his claims relating to the search on direct appeal, they are procedurally barred and not cognizable on habeas review.

Further, Stone v. Powell, 428 U.S. 465 (1976), bars federal habeas review of these claims.  In Stone, the Supreme Court held that "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494.  Thus, a Fourth Amendment claim may not be reviewed in a habeas petition unless the petitioner was denied an

---

[4]  The Court in Spence relied on New York Court of Appeals Rule 500.10(a) (1999).  219 F.3d at 170.  The rule has since been amended, and criminal leave applications are now addressed in Rule 500.20.  While this section does not specifically state that there may be only one application for appeal, see N.Y. R. Ct. § 500.20, such a restriction may be inferred.  Both Rule 500.20(d) and CPL § 460.10(5) provide a 30-day window for any such application to be filed; this time limit would be meaningless were multiple applications permitted.  Additionally, Rule 500.20(d) states that a request for reargument or reconsideration may not raise any new points, implying that a wholly new request for leave to appeal would be impermissible. See generally Roa v. Portuondo, No. 02 Civ. 6116, 2007 U.S. Dist. LEXIS 74387, at *32-33 (S.D.N.Y. Oct. 5, 2007)(declining to review issue that petitioner had failed to raise on direct appeal); Murray v. Williams, No. 05 Civ. 9438, 2007 WL 430419, at *8 (S.D.N.Y. Feb. 8, 2007)(same); Oquendo v. Senkowski, 452 F. Supp. 2d 359, 368 (S.D.N.Y. 2006) (same).

opportunity for a full and fair litigation of that claim at trial and on direct review. Id. at 494 n.37. Generally, a petitioner will have been denied an opportunity to litigate only "(1) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (2) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). It is well settled that New York's procedure for litigating Fourth Amendment claims is constitutionally adequate. Id. The petitioner does not allege that he did not receive an opportunity to use that procedure to address his Fourth Amendment claims. In fact, he fully availed himself of the state's corrective procedures by raising essentially the same claims in the suppression hearing as he raises here. Thus, his claims concerning the search are barred from habeas review.

    B.  <u>Claims Relating to the Red T-Shirt</u>

The petitioner claims that (1) the red t-shirt should not have been introduced into evidence because it was a result of an illegal search and seizure and (2) following Mr. Frausto's identification of Mr. Colon as the robber, Detective Blain's display of the red t-shirt to Mr. Frausto for identification was unduly suggestive. Neither of these claims was raised at any point in Mr. Colon's direct appeal, and for the reasons stated above, they are unexhausted and

procedurally barred. To the extent that Mr. Colon is complaining about the search that led to the discovery of the t-shirt, his claim is also barred by the doctrine of Stone v. Powell as previously discussed. Further, the trial court sustained Mr. Colon's objection to testimony from Mr. Frausto regarding his identification of the red t-shirt. Since this testimony was not used against him at trial, no prejudice to Mr. Colon resulted. Thus, his second claim concerning the red t-shirt is moot.

    C.   Show-Up Identification

Finally, Mr. Colon claims that he was subject to a show-up identification procedure that was unduly suggestive and violated due process. Accordingly, he argues that all evidence regarding the identification procedure should have been barred. This claim, too, is unexhausted and procedurally barred.

An out of court identification procedure violates due process "only if it was both produced through an unnecessarily suggestive procedure and unreliable." DeChirico v. Walker, No. 97 CV 1456, 2008 WL 924937, at *11 (E.D.N.Y. March 31, 2008) (quoting United States v. Bautista, 23 F.3d 726, 729 (2d Cir. 1994)). In his state appellate brief, the petitioner argued only that his conviction was against the weight of the evidence. (Pet. App. Br. at 12). Mr. Colon stated that Mr. Frausto's inconsistent testimony and inability to identify him at trial demonstrated that Mr. Frausto was an unreliable witness. Mr. Colon reasoned that since his conviction was

based almost exclusively on testimony from such a witness, it was against the weight of the evidence. (Pet. App. Br. at 18-19).

However, on appeal, the petitioner did not argue that the show up procedure was unduly suggestive, which is a separate and distinct claim. In Summers v. Senkowski, No. 99 Civ. 9092, 2001 WL 204205, at *4 n.2 (S.D.N.Y. Feb. 28, 2001), the court noted that if a petitioner argued in his state appellate brief that an out of court identification procedure was unduly suggestive, this by itself did not exhaust a sufficiency of the evidence claim made in a habeas petition. While Summers is the inverse of the current case, the same rationale applies here. Thus, since the petitioner failed to argue on appeal that the show up procedure was unduly suggestive, his claim that the procedure violated due process is again both unexhausted and procedurally barred. See Daye, 696 F.2d at 191; Spence, 219 F.3d at 170.

### D. Cause and Prejudice and Miscarriage of Justice Analysis

Lastly, even if a claim is procedurally barred, a habeas court may review it if (1) there was cause for the default and resulting prejudice or (2) a miscarriage of justice would result from the court's refusal to hear the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Here, the petitioner has not suggested any circumstance that would constitute cause for the default. Thus, there is no need to analyze whether prejudice resulted. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985); Green v. Walsh, No. 03 Civ.

908, 2006 WL 2589560, at *19 (S.D.N.Y. Aug. 29, 2006). Nor can it be demonstrated that a fundamental miscarriage of justice would result from the refusal to review this claim. A fundamental miscarriage of justice requires a showing of actual innocence, and Mr. Colon has not presented any new evidence that would suggest that he could meet this standard. Murray v. Carrier, 477 U.S. 478, 496 (1986). As a result, the Court cannot review Mr. Colon's habeas petition on the merits.

Conclusion

For the reasons set forth above, I recommend that Mr. Colon's petition for a writ of habeas corpus be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 62, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Barbara S. Jones, Room 620, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

11

Dated:     New York, New York
           June 26, 2008

Copies mailed this date to:

Frankie Colon
05-A-0218
Oneida Correctional Facility
6100 School Road
Rome, New York 13440

Priscilla Steward, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271