```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
FRANKIE COLON,                   :
             Petitioner,         :
                                 :      07 Civ. 7169 (BSJ)(JCF)
          v.                     :
                                 :
Susan A. Connell,                :      Memorandum Order
Superintendent                   :
                                 :
                                 :
          Respondent.            :
-----------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner Frankie Colon ("Colon" or "Petitioner") to the Report and Recommendation ("R&R") of Magistrate James C. Francis IV recommending the denial of Colon's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules Petitioner's objections and DENIES his Habeas Petition.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Colon was convicted of robbery in the third degree on January 6, 2005, following a jury trial in New York State Supreme Court, New York County. Upon his conviction, Colon was sentenced to an indeterminate prison term of three and one-half to seven years. The Appellate Division affirmed his conviction. People v. Colon, 30 A.D.3d 257, 816 N.Y.S.2d 354 (N.Y. App. Div. 2006). The Court of Appeals

1

subsequently denied Colon's request for leave to appeal. People v. Colon, 7 N.Y.3d 866, 824 N.Y.S.2d 611 (N.Y. 2006).

Colon filed a petition for habeas corpus on July 9, 2007. This petition was based on four claims that can be distilled to two arguments: (1) that he was convicted on the basis of evidence that was seized pursuant to an illegal search, violating his rights guaranteed by the Fourth Amendment; and (2) that he was identified during an unduly suggestive show-up identification procedure, violating his right to due process guaranteed by the Fourteenth Amendment. The court referred Colon's habeas petition to Magistrate Judge Francis for a R&R.

On June 26, 2008, Magistrate Judge Francis issued a thorough R&R recommending the denial of Colon's Petition. That R&R describes the procedural history and additional facts in some detail, familiarity with which is presumed. On July 8, 2008, Colon submitted objections to the R&R.

**II.   DISCUSSION**

  **a. Standard of Review**

When a Magistrate Judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a

Magistrate Judge's R&R to which a petitioner has stated an objection. 28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

### b. Petitioner's Objections

Petitioner raises three objections to Magistrate Judge Francis's R&R. Petitioner contends that (1) his claim challenging the legality of the "show-up" identification was in fact exhausted; (2) by extension, his claim challenging the subsequent search and seizure was also exhausted; and (3) Magistrate Judge Francis overlooked evidence of petitioner's innocence in determining that no miscarriage of justice would result from a refusal to review Petitioner's claims. The Court will address Petitioner's objections *de novo*.

### i. First Objection - Show-up Identification

Before seeking federal habeas relief, a petitioner must exhaust all available state court remedies for each claim, 28 U.S.C. § 2254(b)(1)(A), see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Daye v. Attorney General of the State of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) (citations omitted), and must, at each level, fairly apprise the court of the federal claims, see, e.g., Daye, 696 F.2d at 191.

While Petitioner appealed his conviction, People v. Colon, 30 A.D.3d, the appeal was based on the claim that his conviction went against the weight of the evidence. (Brief for Defendant-Appellant, dated January 2006, at 13-14). Petitioner did not claim on appeal that use of evidence pertaining to or derived from the show-up identification violated due process. Plaintiff asserts in his objection to the R&R that this latter claim was nevertheless exhausted.

An identification will be excluded on due process grounds where it was "both produced through an unnecessarily suggestive procedure *and* [is] unreliable," United States v. Bautista, 23 F.3d 726, 729 (2d Cir. 1994) (emphasis in original) (citing Stovall v. Denno, 388 U.S. 293, 302 (1967) (overruled on other grounds by Griffith v. Kentucky, 479 U.S. 314 (1987)); see, e.g., DeChirico v.

4

Walker, 558 F.Supp.2d 355, 368 (E.D.N.Y. 2008).  In contending on appeal that his conviction went against the weight of the evidence, Petitioner called into question the evidentiary value of the show-up identification.  He noted, for example, that the identification was made from ten feet away and viewed between the shoulders of several police officers (Resp. Decl. Opp'n, Ex. A, at 5.)  This argument challenges the reliability of the identification, but only for the purpose of demonstrating that the evidence presented at trial was not weighty enough to warrant conviction.  Petitioner did not challenge the show-up identification itself on due process grounds, as he attempts to do here. See Summers v. Senkowski, No. 99 Civ. 9092, 2001 U.S. Dist. Lexis 2035 at *10 n.2 (S.D.N.Y. Feb. 28, 2001) (holding that petitioner's claim challenging the sufficiency of the evidence was not considered exhausted by petitioner's appeal challenging the legality of the evidence).  That claim would have required the additional argument that the identification was itself unnecessarily suggestive.  Since this claim was not made on appeal, it is unexhausted for purposes of this habeas review.

> ii. **Second Objection - Search and Seizure after identification**

Petitioner also argues that his claim challenging the legality of the search and seizure that followed the show-up identification was in fact exhausted. Petitioner contends that because on appeal he noted certain inconsistencies and unreliable aspects to the show-up identification - in asking the Court to evaluate the weight of the evidence - he also challenged the legality of the search and seizure that followed. Again, these two claims are not equivalent or inherently mutual. "A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing." City of Indianapolis v. Edmond, 531 U.S. 32, 37, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000). Merely challenging the evidentiary value of the identification preceding the search does not challenge by extension the individualized suspicion held by the officers who conducted the search. Because the legality of the search and seizure was not otherwise raised on appeal, it is unexhausted for purposes of this habeas review.[1]

---

[1] Moreover, as noted in the R&R, a Fourth Amendment claim may not be reviewed in a habeas petition unless the petitioner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review. See Stone v. Powell, 428 U.S. 465, 497 n.37 (1976). New York's procedure for the litigation of Fourth Amendment claims such as the one raised here is constitutionally adequate, see Capellan v. Riley, 975 F.2d 67, 70-72 (2d. Cir. 1992), and Petitioner does not argue that he was denied an opportunity to use this procedure. This

### iii. Third Objection - Miscarriage of Justice

A federal habeas court may consider a claim that is procedurally barred (as here, for failure to exhaust), if the petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see, e.g., Matthews v. Mazzuca, 120 Fed. Appx. 856, 859 (2d Cir. 2005).

Petitioner does not object to the Magistrate Judge's finding that no cause for the procedural default has been shown. However, Petitioner does object that the Magistrate Judge overlooked evidence of his innocence in finding that no evidence of a "miscarriage of justice" had been presented.

In order to prove that a failure to consider the habeas claim would result in a fundamental miscarriage of justice, a petitioner must prove that he is "actually innocent." See, e.g., Lebron v. Mann, 40 F.3d 561, 564 (2d Cir. 1994). In order to prove that he is "actually innocent," petitioner must introduce new evidence. See,

---

Court, therefore, would be barred from reviewing Petitioner's Fourth Amendment claim, even if Petitioner had exhausted that claim.

7

e.g., Foster v. Phillips, 2009 U.S. App. LEXIS 9779 at *2 (2d Cir. May 6, 2009) ("'To be credible,' an actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'") (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995).

Petitioner has failed to introduce any new evidence in his habeas petition that would prove that he is actually innocent. In his objections, Petitioner maintains he was convicted based on statements made by unreliable witnesses. (Pet's Obj's to R&R at 2-3). These allegations of unreliability are not new evidence that prove Petitioner's innocence, as Petitioner was convicted by a jury based on those very same statements.

Because Petitioner has shown neither cause for his failure to exhaust nor that refusal to consider his claims would constitute a miscarriage of justice, these claims are procedurally barred.

### c. Colon's Other Habeas Claims

As to the remaining claims raised in the habeas petition, the Court finds the R&R to be thorough, well-reasoned and not clearly erroneous. Accordingly, the Court

8

adopts Magistrate Judge Francis's recommendation not to issue a writ of habeas corpus on the bases of those claims.

### III. Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Francis in its entirety and DENIES Colon's Petition for a Writ of Habeas Corpus. Because Colon has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

**SO ORDERED:**

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         July 9, 2009